UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL A. LEMONS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:13-CV-1494-SPM |
|  | ) |  |
| JAY CASSADY, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Michael A. Lemons's ("Petitioner's") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 10). For the following reasons, the petition for a writ of habeas corpus will be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2011, Petitioner was charged with first-degree assault. Pet'r Ex. G, Doc. 1-1, at p. 13. The charges were subsequently amended to second-degree assault and to include prior and persistent offender status. Pet'r Ex. I, Doc. 1-1, at p. 17. The Amended Information charged Petitioner with committing the class C felony of assault in the second degree, "in that on or about December 20, 2011, in the County of Dunklin, State of Missouri, the defendant recklessly caused serious physical injury to [the victim] by striking her." *Id.* It also stated that Petitioner was a prior offender, "in that he has pleaded guilty to or has been found guilty of a felony," and that he was a persistent offender, "in that he has pleaded guilty or has been found guilty of two or more felonies committed at different times." *Id.* On July 25, 2012,

1

Petitioner entered a guilty plea, the plea was accepted, and Petitioner was sentenced to 10 years. Pet'r Ex. E, Doc. 1-1, at p. 10; Pet'r Ex. J, Doc. 1-1, at pp. 19-20. Petitioner did not file a direct appeal, nor did he file a motion for post-conviction relief.

On July 12, 2013, Petitioner filed the instant petition. Doc. 1. Petitioner asserts twelve grounds for relief, each entitled something similar to "Violations of Due Process of Law 14th and 4th, 5th, and 8th Amendments [to the] U.S. Constitution [and various provisions of the Missouri Constitution]."[1] The precise nature of the claims is very difficult to discern, because each claim consists of a long list of facts that do not always obviously correspond to any distinct constitutional claim. It appears that he is alleging the following claims: (1) he could not have committed the crimes listed on the Probable Cause Affidavit because he was in jail on that date; (2) the felony complaint did not set out the evidence against him; (3) the warrant for his arrest was date-stamped with the date before the date the crime was committed and did not describe a domestic assault; (4) the associate court docket sheet shows that Petitioner was arrested more than 24 hours before a warrant was served; (5) the warrant for Petitioner's arrest was not in the proper form; (6) there is no evidence that Petitioner waived a preliminary hearing, and his counsel was ineffective with respect to telling Petitioner about the charges against him, waiving a formal arraignment, and requesting discovery; (7) the information was deficient in various ways; (8) the first amended information was deficient in various ways; (9) the second amended information was deficient in various ways; (10) the felony of second-degree assault only carries a sentence of up to seven years; (11) his counsel was ineffective based on, among other things, counsel's failure to "allow" the judge to do the formal arraignment and explain to Petitioner his

---

[1] Respondent appears to have believed that Petitioner asserted only four grounds for relief. However, the Court's reading indicates that Petitioner presented four claims on the typed habeas petition form, and another eight claims in the attached handwritten pages.

rights; and (12) his counsel was ineffective based on, among other things, counsel's failure to file a motion for discovery or other motions before the preliminary hearing.

**II.    DISCUSSION**

Respondent argues that all of Petitioner's claims have been procedurally defaulted because he failed to present them to the state courts in accordance with Missouri's procedural rules. The Court agrees.

To preserve a claim for federal habeas review, "a state habeas petitioner must present that claim to the state court and allow that court the opportunity to address his claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). *See also Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) ("Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.") (quotation marks omitted). "Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted." *Skillicorn v. Luebbers*, 475 F.3d 965, 976 (8th Cir. 2007).

Petitioner's claims are procedurally defaulted, because he has not presented them to the Missouri state courts and he has no remaining state remedies. First, he did not file a direct appeal following his guilty plea. A direct appeal must be filed within ten days of the entry of a sentence. *See* Mo. Sup. Ct. R. 30.01(a) (in criminal cases, appeals may be taken as provided in Rule 81.04); Mo. Sup.Ct. R. 81.04(a) (appeal must be filed "not later than 10 days after the judgment or order appealed from becomes final"); *Stevens v. State*, 208 S.W.3d 893, 894 (Mo. 2006) ("In criminal cases, a judgment becomes final when a sentence is entered."). Petitioner was sentenced on July 25, 2012, and he has filed no direct appeal. Thus, assuming, *arguendo*, that any of his

claims fall within the limited scope of a direct appeal following a guilty plea,[2] he did not properly present them to the state court through a direct appeal and cannot now do so. Second, Petitioner did not file a motion for post-conviction relief under Missouri Supreme Court Rule 24.035. Under Rule 24.035, "A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court." Mo. Sup. Ct. R. 24.035. If no appeal of the judgment or sentence is taken, a motion under Rule 24.035 must be filed within 180 days of the defendant's delivery to the custody of the department of corrections. Mo. Sup.Ct. Rule 24.035(b). Failure to file a motion within the time provided by Rule 24.035 results in a "complete waiver" of "any claim that could be raised in a motion filed pursuant to" the rule. *Id.* Petitioner was delivered to the department of corrections no later than July 12, 2013, when he filed the instant petition, and he has not filed a motion under Rule 24.035. Thus, he did not properly present his claims to the state court through a post-conviction motion, and he cannot now do so.

Because Petitioner failed to present his claims to the state courts through either a direct appeal or post-conviction motion under Rule 24.035 and he cannot now do so, all of his claims are procedurally defaulted. The federal habeas court will consider a procedurally defaulted claim

---

[2] "In Missouri, the general rule is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guarantees." *Garris v. State*, 389 S.W.3d 648, 651 (Mo. 2012). Thus, following a guilty plea, review of a direct appeal is "restricted to [claims involving] the subject-matter jurisdiction of the trial court and the sufficiency of the information or indictment." *State v. Hopkins*, 432 S.W.3d 208, 211 (Mo. Ct. App. 2014) (quotation marks omitted).

only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Moore-El*, 446 F.3d at 896 (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)).

The Court first considers whether Petitioner has shown cause for the default. To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner argues that he did not present his claims to the state courts because "state courts do not have jurisdiction over U.S. Constitutional Amendments and Rights." However, that statement is plainly incorrect and cannot constitute cause for the default. State courts, like federal courts, may consider federal constitutional claims. Indeed, the Supreme Court has noted that the requirement that federal habeas petitioners first present their claims to the state court "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *See O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). To the extent that Petitioner might suggest that cause for the procedural default exists because he is a *pro se* petitioner with limited education who misunderstood this law, that would also not constitute legally sufficient cause to excuse a procedural default. *See Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991) ("Stanley's pro se status and his limited educational background do not constitute sufficient cause to excuse his procedural default."); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988) (stating that "pro se status," limited "educational background," and "procedural ignorance" do not constitute cause for a procedural default). Because Petitioner has failed to show that some objective factor external to his defense impeded his efforts to comply with Missouri's procedural rules, he has

failed to show sufficient cause to overcome the procedural default. The Court need not address whether he has shown prejudice from the default.

The Court next considers whether the fundamental miscarriage of justice exception applies. Although Petitioner does not expressly argue that this exception applies, Petitioner does appear to be asserting in the first ground of the petition that he is actually innocent of the crime of which he was convicted. To assert the fundamental miscarriage of justice exception, a petitioner must "'present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). The petitioner must come forward with "new, reliable evidence which was not available at trial through the exercise of due diligence." *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011). The petitioner must also show "that 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup*, 513 U.S. at 316).

Petitioner does not provide any new, reliable, previously unavailable evidence that makes it more likely than not that no reasonable juror would have convicted him. Petitioner argues that he could not have committed the crime of which he was convicted, because the Probable Cause Affidavit states that he committed the alleged crime on December 20, 2011, and Petitioner was already in custody on that date for crimes committed on December 19, 2011. However, Petitioner provides the Court with no evidence showing that he was already in custody on

December 20, 2011 for another crime. Moreover, he offers the Court no basis for finding that the Probable Cause Affidavit on which he bases his innocence claim was unavailable to him before he made his guilty plea. Therefore, Petitioner cannot establish that the fundamental miscarriage of justice exception applies to permit the Court to consider his defaulted claims.

Because all of Petitioner's claims are procedurally defaulted and he has shown no legally sufficient basis to overcome procedural default, the Court is barred from reviewing his claims.

### III. CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The Court finds that reasonable jurists could not differ on Petitioner's claim, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of July, 2016.